1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   12275 El Camino Real, Suite 200
3  San Diego, California  92130
   Telephone:    858-720-8900
4  Facsimile:    858-509-3691

5  ROBERT S. GERBER, Cal. Bar. No. 137961
   E-mail:  rgerber@sheppardmullin.com
6  MARTIN R. BADER, Cal. Bar No. 222865
   E-mail:         mbader@sheppardmullin.com
7  MICHAEL MURPHY, Cal. Bar No. 234695
   E-mail:         mmurphy@sheppardmullin.com
8
   Attorneys for Plaintiff
9  MILLENNIUM LABORATORIES, INC.

10                    UNITED STATES DISTRICT COURT

11                   SOUTHERN DISTRICT OF CALIFORNIA

12

13

| | |
|---|---|
| 14  MILLENNIUM LABORATORIES, INC., a California corporation, | Case No.  **'12 CV 1063 MMA JMA** |
| 15              Plaintiff, | COMPLAINT FOR COMPENSATORY AND EXEMPLARY DAMAGES, INJUNCTIVE RELIEF, RESTITUTION, AND ATTORNEYS' FEES AND COSTS FOR: |
| 16       v. | |
| 17 | |
| 18  AMERITOX, LTD, a Texas limited partnership, | 1) TRADE DRESS INFRINGEMENT (15 U.S.C. §1125(a)(3)); |
| 19 | |
| 20              Defendant. | 2) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.*; |
| 21 | |
| 22 | |
| 23 | and |
| 24 | DEMAND FOR JURY TRIAL |

W02-WEST:DK4\404955401.3

Plaintiff Millennium Laboratories, Inc., as and for its complaint against Defendant Ameritox, LTD, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action under 28 U.S.C. §1332, in that it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has original jurisdiction of this action under 15 U.S.C. §1125(a) and 28 U.S.C. §1331 in that the claims herein arise under the federal Lanham Act. This Court has jurisdiction of the related state claims under 28 U.S.C. §1367(a).

2. This district is the proper venue for this action, as a substantial part of the events and omissions giving rise to the claims herein occurred in this district, and defendant is subject to personal jurisdiction in this district because it offers its products for sale in interstate commerce, including within this judicial district.

## PARTIES

3. Plaintiff Millennium Laboratories, Inc. ("Millennium" or "Plaintiff') is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 16981 Via Tazon, San Diego, California. Millennium Laboratories is a specialty diagnostics laboratory which provides services to the chronic pain market. Its mission is to provide medication monitoring of chronic pain patients to clinicians who are evaluating their patients in an effort to identify prescription misuse, the consumption of dangerous combinations of drugs, doctor shopping, and the diversion of prescribed medication to non-patients. Millennium's clinical laboratory testing, technology, customer support, physician advocacy and educational resources are specifically focused on clinicians who treat pain. Millennium is the only reference laboratory certified as an approved teaching facility for chemists and toxicologists and is a unique research component of the University of California, San Diego's (UCSD) doctoral program in Pharmacy.

1    4.    Plaintiff is informed and believes, and thereon alleges, that defendant Ameritox, LTD ("Ameritox") is a limited partnership organized and existing under the laws of Texas with its United States headquarters at 300 East Lombard Street, Suite 1610, Baltimore, Maryland.  Ameritox provides a pain medication monitoring service under the trade name "RxGuardian with RxGuardian CD" or just "RxGuardian CD."  Upon information and belief, Ameritox advertises and sells its services and products to customers throughout the United States.

5.    Plaintiff is informed and believes and on that basis alleges that Defendant has advertised and/or distributed its infringing reports in this judicial district.

## GENERAL ALLEGATIONS

**A.    Millennium's Report Form and Format.**

6.    A key service of Millennium is the provision of reports to physicians relating to the results of laboratory tests performed by Millennium.  In 2011, Millennium re-designed its reports to include a specific combination of graphs and charts.  This combination included (1) a bell curve showing the distribution of results from all patients with a prescription for a medication who tested positive for that medication as well as the test result for the individual patient prescribed that same medication, and (2) a timeline showing the test result for the individual patient along with the patient's recent prior test results for the same prescribed medication.

7.    Millennium designed a report for the physicians where the above-described information is shown pictorially.  These pictorial representations are not purely functional, but also include aesthetic and non-functional considerations when taken as a whole.  These elements taken together as a whole create a distinctive, visual impression constituting a protectable and valid trade dress under federal law.

8.    When Millennium rolled out its new reports in June, 2011, Millennium's customers immediately expressed strongly favorable opinions regarding the new report form and format.  The customers expressed particular appreciation for the pictorial representations of historical test results.

9.      Since June, 2011, Millennium's new report format has been, and continues to be, used throughout the United States in interstate commerce.  As a result of Millennium's delivery of such reports to medical doctors and others throughout the United States, in the minds of Millennium's actual and prospective customers, Millennium's distinctive report format has come to symbolize Millennium's unique delivery of its high quality testing services.  Millennium's trade dress in its report format has thus become, and is, a valuable asset of Millennium symbolizing Millennium, its high quality services, and its goodwill.

**B.     Ameritox's Confusingly Similar Forms.**

10.     Plaintiff is informed and believes, and thereon alleges, that Ameritox, having recognized the consumer awareness and goodwill associated with Millennium's trade dress, conspired to usurp that goodwill for itself by designing, marketing and/or offering, without the permission or knowledge of Millennium, confusingly similar reports that copy Millennium's trade dress.

11.     On information and belief, Ameritox began marketing these infringing reports on or about March 1, 2012.

12.     Ameritox has placed both its infringing report and advertisements for its infringing report into interstate commerce.  Ameritox advertises its infringing report by disseminating literature to the offices of pain medication prescribing clinicians, and to medical facilities around the country.  Ameritox additionally makes its services (together with corresponding reports) available for purchase by consumers across the United States.

13.     On information and belief, Ameritox promotes its services and resulting infringing reports to physicians and medical practices in San Diego County in direct competition with Millennium.

14.     Plaintiff is informed and believes, and thereon alleges, that Ameritox intentionally designs, manufactures and/or markets reports that resemble Millennium's so closely that consumers are likely to be, and upon information and belief in fact have been, confused as to the source of Ameritox's services and reports and have received those

3

reports on the assumption that they reflect services performed by, or were prepared by or otherwise authorized by, Millennium.

15. Millennium and Ameritox are direct competitors in the market for urine and saliva-based drug testing. By providing infringing reports to practitioners who must decide whether to utilize Millennium or Ameritox's services, Ameritox is attempting to win, and upon information and belief, has won business that otherwise would have been captured by Millennium. As a result of its conduct, Ameritox has received profits to which it is not entitled and caused Millennium damages.

16. Millennium has invested significant resources in developing its reputation and goodwill in the industry, and it currently enjoys a strong reputation for the high quality of its products and services. Besides losing business to Ameritox, Millennium has suffered injury to its reputation and goodwill through Ameritox's marketing of its services and the accompanying infringing reports.

17. Millennium is informed and believes that Ameritox was at all times aware that its reports resemble Millennium reports so closely that consumers are likely to be confused as to the source of the information in the reports or the reports themselves, and have purchased related services on the assumption that they were offered by or originated from Millennium. Millennium is informed and believes that this resemblance is precisely the reason why Ameritox markets its new reports in the confusingly similar form and format it is now using.

18. Millennium is informed and believes and thereon alleges that Ameritox has received a direct financial benefit from marketing its services and incorporating Millennium's trade dress into its reports, in an amount that is unknown to Millennium.

19. Millennium is informed and believes and thereon alleges that Ameritox's marketing and distribution of reports that copy Millennium's trade dress has enabled Ameritox, and will continue to enable Ameritox, to sell its services and earn profits to which it is not in equity or good conscience entitled, and which would be to

4

1  Ameritox's profit and Millennium's damage. Ameritox is entitled to damages and
2  injunctive relief from such actions, all of which are in violation of 15 U.S.C. § 1125(a).
3        20.   Ameritox's acts have caused and will continue to cause irreparable
4  harm and injury to Millennium for which Millennium has no adequate remedy at law.
5  Accordingly, Ameritox should be enjoined and restrained from directly or indirectly
6  manufacturing, distributing, importing, exporting, advertising, offering for sale or selling
7  any reports that copy Millennium's trade dress. Millennium further requests an order
8  impounding and destroying all infringing reports in Ameritox's possession, custody or
9  control to the extent not already provided to third persons.

**FIRST CLAIM FOR RELIEF**

**(Against all Defendants for Trade Dress Infringement, 15 U.S.C. §1125(a)(3))**

12        21.   Plaintiff realleges and incorporates herein by reference each and every
13  allegation set forth above in paragraphs 1 through 20, inclusive.
14        22.   Millennium's unique trade dress consists of the following elements as
15  actually used on the Millennium reports displaying the trade dress: results of testing and a
16  pictorial combination of a bell curve graph and a graph of historical results for the patient.
17  It is the combination of these elements as used on Millennium reports, and not any single
18  element, that constitutes the trade dress. The overall visual impression that the
19  combination and arrangement of these elements create is aesthetic and distinctive, and not
20  functional when taken as a whole. Ameritox's report creates a similar visual impression to
21  Millennium's. Ameritox's services and report would function just as well as they otherwise
22  would without the similar, distinctive features it has copied from Millennium and used to
23  compete unfairly with Millennium. The cost or quality of Ameritox's services and reports
24  are not affected by incorporating those features.
25        23.   Millennium's trade dress has acquired a secondary meaning.
26  Millennium has been offering its testing services with the resulting reports in its distinctive
27  trade dress since June of 2011. Further, Millennium has spent hundreds of thousands, if

not millions, of dollars to promote its services globally both before and after creation of its trade dress.

24. Millennium is informed and believes, and thereon alleges, that Ameritox has been designing, marketing, offering for sale, and selling its competing services that result in reports that incorporate Millennium's trade dress.

25. Ameritox is not now, and never has been, authorized by Millennium to use Millennium's trade dress or any confusingly similar trade dress in connection with the marketing and/or sale of Ameritox's services.

26. Ameritox's marketing and distribution of copies of infringing reports is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Ameritox's services and reports.

27. Millennium is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to Ameritox's business from deceptively trading on Millennium's services, and consumer recognition, Ameritox has made substantial profits from the use of the infringing reports in amounts to be established according to proof.

28. As a proximate result of the unfair advantage accruing to Ameritox's business from deceptively trading on Millennium's sales, and consumer recognition, Millennium has been damaged and deprived of substantial sales of its products and services and has been deprived of the value of its trade dress as a commercial asset, in amounts to be established according to proof, but well in excess of the $75,000.00 minimum jurisdictional damages for this Court.

29. Millennium is informed and believes, and thereon alleges that, unless restrained by the Court, Ameritox will continue to infringe Millennium's trade dress, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Millennium adequate relief for the damage to its trade dress in the public perception.  Further, Millennium is informed and believes, and thereon alleges, that in the

absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Ameritox's services.

30. Plaintiff is informed and believes, and thereon alleges, that Ameritox's acts were committed, and continue to be committed, with actual notice of Millennium's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Millennium and its reports. Pursuant to 15 U.S.C. §1117, Millennium is therefore entitled to recover three times its actual damages or three times Ameritox's profits, whichever is greater, together with Millennium's attorneys' fees. In addition, pursuant to 15 U.S.C. §1118, Millennium's is entitled to an order requiring destruction of all infringing reports and promotional materials in Ameritox's possession.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition – Cal. Bus. & Prof. Code §17200 *et seq*.)**

31. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1 through 30, inclusive.

32. Ameritox's conduct as alleged herein constitutes unfair, unlawful, and/or fraudulent business practices prohibited by §§17200 *et seq*. and §§17500 *et seq*. of the *California Business & Professions Code*.

33. Millennium is informed and believes and thereon alleges that as a direct and proximate result of Ameritox's wrongful conduct as described above, Ameritox has gained property and revenues properly belonging to Millennium and/or which were unlawfully obtained. Millennium therefore seeks restitution of these amounts. Millennium also seeks injunctive relief restraining Ameritox, its officers, agents, and employees, and all persons acting in concert with it, from further engaging in acts of unfair competition and/or fraudulent business acts against Millennium and its products as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For preliminary and permanent injunctions enjoining and restraining Defendant, its agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Defendant, or any of them, from:

   A. designing, making, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting its services or any reports that copy Plaintiff's trade dress or so closely resemble the Plaintiff's trade dress as to create a likelihood of confusion, mistake, or deception; and/or

   B. representing or implying, directly or indirectly, to partners, affiliates, customers, distributors, licensees, or any other customers or potential customers of Defendant's services that Defendant's services and/or reports originate with, are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with Plaintiff;

2. For an order requiring the destruction of all Defendant's infringing reports and all marketing, advertising, or promotional materials depicting Defendant's infringing reports;

3. For an accounting of all profits obtained by Defendant from the offering of its services that make use of infringing reports and an order that Defendant hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of all profits earned by Defendant from the sale of its services that make use of infringing reports;

5. For restitution to Plaintiff of all property and revenues obtained by Defendant through its act or acts of unfair competition;

6. For compensatory damages according to proof;

7. For exemplary and multiple damages according to proof;

8. For prejudgment interest on all damages awarded by this Court;

9. For an award of attorneys' fees;

10. For costs of suit incurred herein; and

1    11.    For such other and further relief as the Court deems just and proper.

Dated: April 30, 2012          SHEPPARD MULLIN RICHTER & HAMPTON LLP


                               By      s/Robert S. Gerber
                                     ROBERT S. GERBER
                                     MARTIN R. BADER
                                     MICHAEL MURPHY
                                     Attorneys for Plaintiff
                                  MILLENNIUM LABORATORIES, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to any issues so triable.

Dated: April 30, 2012    SHEPPARD MULLIN RICHTER & HAMPTON LLP

By    s/Robert S. Gerber
ROBERT S. GERBER
MARTIN R. BADER
MICHAEL MURPHY
Attorneys for Plaintiff
MILLENNIUM LABORATORIES, INC.