1 | Philip A. Morin, Bar No. 256864
*PMorin@perkinscoie.com*
2 | Miguel J. Bombach, Bar No. 274287
*MBombach@perkinscoie.com*
3 | PERKINS COIE LLP
11988 El Camino Real, Suite 350
4 | San Diego, CA 92130-2594
Telephone: (858) 720-5700
5 | Facsimile: (858) 720-5799

6 | Matthew F. Carmody, *Admitted Pro Hac Vice*
*MCarmody@perkinscoie.com*
7 | Michael R. Osterhoff, *Admitted Pro Hac Vice*
*MOsterhoff@perkinscoie.com*
8 | PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
9 | Chicago, IL 60603
Telephone: (312) 324-8407
10 | Facsimile: (312) 324-9407

11 | Attorneys for Defendant AMERITOX, LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MILLENNIUM LABORATORIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERITOX, LTD., a Texas limited partnership,<br><br>Defendant. | Case No. 12-CV-1063 MMA JMA<br><br>**AMERITOX, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION TO RE-TAX COSTS**<br><br>Date: December 16, 2013<br>Time: 2:30 p.m.<br>Courtroom: 3A<br>Judge: Honorable Michael A. Anello |
|---|---|

## I. INTRODUCTION

The Clerk of Court correctly applied CivLR 54.1 and taxed costs in favor of Defendant Ameritox, Ltd. in the amount of $3,228.34 (ECF No. 119). In arguing that the Clerk erred, Plaintiff Millennium Laboratories incorrectly applies the plain language of CivLR 54.1. Its objections are therefore without merit.

First, the Clerk properly taxed Ameritox's costs incidental to Plaintiff's deposition of Ameritox witness Harry L. Leider MD. Dr. Leider is an out-of-state witness whose deposition testimony would have been needed for trial. At the time the deposition was taken, this Court had not yet granted Ameritox's Motion for Summary Judgment nor closed this case. It wasn't until late in the deposition that the parties became aware of the Court's order granting summary judgment, at which point they even agreed on the record that they may "continue as necessary [] Dr. Leider's deposition that was ongoing today." And indeed, that very deposition transcript was cited by Plaintiff in future proceedings before this Court (opposing Ameritox's Motion for Attorneys' Fees and Nontaxable Costs - ECF No. 100). Thus, the costs attendant to the deposition itself and the accompanying transcript were absolutely necessary.

Second, the Clerk also properly taxed costs of producing documents. Such a cost attendant to document production is routinely taxable. Ameritox supported its request with its Bill of Costs, which included a declaration of counsel under penalty of perjury supported by a detailed, itemized invoice. The issue was discussed at length during a telephonic hearing before the Clerk, who determined the cost to be taxable.

In each case, the Clerk properly taxed costs pursuant to CivLR 54.1. In its baseless Motion to Re-tax Costs (ECF No. 120), Plaintiff claims the support of this Court's precedent. But it cites none. Instead, it misinterprets and attempts to put a self-serving gloss on the Local Rules. This Court should thus affirm the Clerk of Court's Order Taxing Costs in the amount of $3,228.34.

## II. BACKGROUND

On August 28, 2013, Millennium took the deposition of Ameritox witness Harry L. Leider M.D. in Counsel for Millennium's Chicago Office, beginning at 8:10 a.m. Central Daylight Time. (ECF 110-3 at 2.) Nearly five hours later, through an e-mailed ECF notice, the parties became aware that the Court had apparently granted summary judgment in Ameritox's favor. Because the order had just come down and was not initially accompanied by an opinion, the parties were initially uncertain as to the grounds or circumstances giving rise to the ruling. (*See* ECF No. 81; Notice of Electronic Filing for ECF No. 81.) The parties therefore read on the record at the deposition that "there was an order entered by the Court at approximately 1:00 p.m. today granting summary judgment in the case and terminating the case." (ECF 110-3 at 4).

By agreement of the parties, the deposition was terminated at 1:07 p.m. CDT and both parties ordered copies of the transcript. At the time, it was left open that the deposition might resume at some future time or might be needed for some additional proceeding before the Court. For this reason, the parties specifically agreed on the record that the deposition may "continue as necessary." (*See* ECF 110-3 at 4 ("In light of the order, the parties agree to either terminate or continue as necessary [] Dr. Leider's deposition that was ongoing today.").)

Ameritox timely filed its Bill of Costs seeking recovery of fees in the amount of $4,836.84, including: $618 for fees of the Clerk; $2,016.20 for fees relating to the deposition of Dr. Leider; and $2,202.64 for document production costs, as itemized in a detailed invoice. (ECF No. 88.) Plaintiff opposed. (ECF No. 110.) The Clerk provided the parties a full opportunity to be heard on October 10, 2013, and the issue of the deposition costs and the costs attendant to document production were discussed at length. (ECF No. 114.) During the hearing, the Clerk indicated that it would award Ameritox its costs associated with the Leider deposition and for its document production, but ordered Ameritox to supplement the record by filing

1  an itemized invoice for the deposition costs. (Ameritox had not received an itemized invoice from the stenographic service by the time its Bill of Costs had to be filed). The Clerk also gave Plaintiff the chance to file any response or opposition. Ameritox provided the detailed invoice requested by the Clerk, decreasing the requested amount for that deposition from $2,016.20 to $1,325.70 in accordance with guidance provided by the Clerk at the hearing. (ECF 116.) Plaintiff never filed a response or opposition to Ameritox's submission despite having been permitted the opportunity to do so by the Clerk.

In the November 1, 2013 Order, the Clerk declined to tax some of Ameritox's requested costs. For example, it did not tax Ameritox's *pro hac vice* expenses and $300 of Ameritox's itemized document production costs. (ECF No. 119.) The Clerk did, however, tax costs in favor of Ameritox in the amount of $3,228.34, consisting of Ameritox's costs of $1,325.70 incident to the deposition of Dr. Leider, and $1,902.64 of Ameritox's itemized document production costs. (*Id.*)

On November 8, 2013, Plaintiff filed the instant motion asking the Court to re-tax and reverse the Clerk's Order. Ameritox opposes this request as lacking merit.

**III. ARGUMENT**

Plaintiff's attempt to assign error misinterprets the Clerk's Order, is based on incorrect readings of CivLR 54.1 and fails to cite any authority.

**A. The Clerk Properly Taxed Costs Incident To Millennium's Deposition Of Out-of-State Witness Dr. Harry L. Leider**

First, Plaintiff contends that the costs associated with Dr. Leider's deposition were incorrectly taxed as "Fees Incident to Transcripts - Trial Transcripts" under CivLR 54.1(b)(2) because it was not a trial transcript. But this is not the provision under which they were taxed by the Clerk.

In its Bill of Costs, Ameritox identified the Dr. Leider deposition transcript costs on form AO 133 obtained from the Court's web site at

*http://www.casd.uscourts.gov/uploads/Attorney%20Assistance/Filing%20Procedures/Forms/Civil/Post%20Judgement%20Forms/billcost.pdf.* (*See* ECF 88.) That form does not differentiate between trial and deposition transcripts. The Clerk correctly classified Ameritox's costs related to the Dr. Leider deposition as <u>"Costs incident to taking of depositions" under CivLR 54.1(b)(3)</u>, an entirely different provision. (*See* ECF No. 119 at 2.) Thus, Plaintiff's argument (ECF No. 120-1 at 3) that the costs are not taxable as a trial transcript under 54.1(b)(2) is irrelevant.

The correct rule, CivLR 54.1(b)(3)(a), governs the taxed cost of the transcript of the Dr. Leider deposition. It states:

> The cost of an original and one copy of any deposition (including video taped depositions) necessarily obtained for use in the case is allowable. Depositions need not be introduced in evidence or used at trial to be **taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation**, rather than mere discovery. Counsel's copies (whether paper or electronic), in excess of the original and one copy are not taxable, regardless of which party took the deposition.

(CivLR 54.1(b)(3)(a) (emphasis added).) Plaintiff also misinterprets this rule in arguing that the deposition cost is not taxable because summary judgment was granted while the deposition was underway, potentially rendering the case closed by the time Ameritox ordered the transcript. (ECF No. 120-1 at 3.) First, this ignores the plain language of CivLR 54.1(b)(3)(a), which provides that the costs of the deposition transcript are taxable if "**at the time it was taken** it could reasonably be expected that the deposition would be used for trial preparation rather than mere discovery." (emphasis added.) The majority of Dr. Leider's deposition had already been completed before the electronic notice was sent out granting judgment in Ameritox's favor. It therefore cannot be disputed that <u>at the time Millennium took the deposition of Dr. Leider</u>, which what CivLR 54.1(b)(3)(a) requires, the case was not over.

It is also clear that, at the time it was taken, it was anticipated that the deposition would be used for trial. Dr. Leider was an important witness and resides in Chicago, Illinois - outside of this Court's subpoena powers. Had this case gone to trial, which was distinctly possible when the deposition was taken, Dr. Leider's deposition testimony would have been used.

Accordingly, Plaintiff's attempts to assign error are misguided. Ameritox's request plainly meets all of the requirements of CivLR 54.1(b)(3)(a) and the Clerk of Court correctly taxed the costs associated with Dr. Leider's deposition.

### B. The Clerk Properly Taxed Costs Ameritox Incurred In Producing Documents To Millennium

Plaintiff next argues that Ameritox's document production costs are not taxable. This request is not founded on the merits of Ameritox's request for the costs themselves, but rather because Plaintiff contends that Ameritox failed to offer an affidavit supporting those costs.[1] CivLR 54.1(b)(6)(c) governs the taxable costs associated with document production:

> The party seeking recovery must present documentary evidence in the form of **affidavits describing the documents copied, to whom they were provided, the number of pages copied, and the cost per page, and the use of or intended purpose for the items copied.** If documents were provided only to the party seeking recovery, that party must specify the purpose of acquisition and photocopying of the documents served. In the absence of a specific showing, recovery must be denied. (emphasis added).

Plaintiff's argument is belied by the record. The Bill of Costs includes an affidavit – the declaration by Counsel for Ameritox, Matthew F. Carmody, that the identified costs are correct and were necessarily incurred, and the services for

---

[1] It is telling that during the telephonic hearing before the Clerk of Court, Plaintiff raised little to no objection over the evidence submitted in support of Ameritox's requests for document production costs. Moreover, even after the Clerk provided Plaintiff an additional opportunity to file an objection to Ameritox's requested costs (ECF No. 114), Plaintiff declined to do so.

which fees have been charged were actually and necessarily performed. (ECF No. 88 at 1.) That affidavit is supported by an itemized invoice for document preparation services, showing the number of pages processed, the cost per page, and the intended use (for production) (ECF No. 88 at 12.). The Clerk of Court reviewed the submission and found that it adequately identified Ameritox's costs.

Plaintiff also unfairly suggests that the invoice furnished by Ameritox with its Bill of Costs failed to indicate to whom the document production was provided (ECF No. 120-1 at 4). This argument makes no sense. There are only two parties in this litigation. Plaintiff is perfectly well aware that document preparation costs incurred by Ameritox in this matter could only be for producing documents to Plaintiff. Thus, as the Clerk of Court correctly determined, Ameritox's Bill of Costs (and supporting evidence) satisfies CivLR 54.1(b)(6)(c), and the document production costs should be awarded under CivLR 54.1. There is no valid reason to disturb the Clerk of Court's award here.

## IV.  CONCLUSION

Judgment has been granted in Ameritox's favor in this matter and Ameritox's costs were properly taxed by the Clerk. Plaintiff's Motion to Re-Tax is a waste of the Court's and the parties' resources. As has been shown above, there was no error in the Clerk's Order Taxing Costs. Plaintiff's Motion should therefore be denied in its entirety.

DATED:  December 2, 2013         **PERKINS COIE LLP**

*/s/ Philip A. Morin*
Philip A. Morin
Attorney for Defendant AMERITOX, LTD.
Email:  PMorin@perkinscoie.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on December 2, 2013 to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

*s/ Philip A. Morin*
Philip A. Morin

CERTIFICATE OF SERVICE   1   12-CV-1063 MMA JMA